(21 App. Div. 542.)

WALLACE v. WALLACE et al.

(Supreme Court, Appellate Division, First Department. November 5, 1897.)

RECEIVERS—ATTACHMENT OF FUND—WHEN LEAVE GRANTED.

Where the title to the property of a debtor is in a permanent receiver, who holds it for the express purpose of distribution among the creditors, the granting of an application for leave to levy an attachment upon it turns on the debtor's solvency when the motion is heard, and upon the question of whether the permanent, and not whether the temporary, receivership was instituted in fraud.

Appeal from special term.

Action by George W. Wallace, as executor, against Thomas P. Wallace. From an order directing the sheriff to levy an attachment, the receiver and the Southern National Bank of New York, both parties to the action, appeal. Reversed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

H. W. Jessup, for appellants.
H. A. Heyn, for respondent.

PATTERSON, J. This is an appeal from an order permitting an attaching creditor to levy a warrant of attachment upon property in the hands of a receiver of the defendant Wallace. The attachment was issued on the 23d of February, 1897, in an action in which the Southern National Bank was the plaintiff and Thomas P. Wallace, the surviving partner of the firm of James Wallace & Son, the defendant. The motion for leave to levy under the warrant was based upon an order to show cause issued on the 23d of February, 1897, but the order appealed from was not made until the 20th of July, 1897. The motion was not heard until some time in June, 1897, as we infer from the fact that many of the affidavits which were used on that motion were sworn to during that month of June.

On the 27th of February, 1897, final judgment was entered in this action, and in that judgment Charles M. Warner, who had been the temporary receiver of the defendant's property, was appointed permanent receiver "of all the property, assets, and effects of the firm of James Wallace & Son, and of Thomas P. Wallace, sole surviving partner thereof," and as such permanent receiver was directed to "sell and dispose of all the said property, assets, and effects, and bring the same into court, to be distributed in pursuance of the provisions of this decree, with all convenient speed." The order appealed from is sought to be supported by the authority of Schloss v. Schloss, 14 App. Div. 333, 43 N. Y. Supp. 788, and In re Thompson, 10 App. Div. 40, 41 N. Y. Supp. 740. The respondent sought to show by the affidavits used on the motion that the temporary receivership was collusive, procured for the purpose of delaying creditors, and that the defendant, at the time that temporary receivership was created and afterwards, was solvent, and that, solvency and fraudulent intent being shown, it was entitled to the order permitting the levy to be made. When the order was made the assets were in the hands of a permanent receiver, whose duty it was to close up the assigned estate, and make distribution pro rata among the creditors. The nature of the receivership in this case distinguishes it from the Schloss Case. Here the estate is in the hands of a permanent receiver for the express purpose of distribution among creditors. The permanent receiver has the entire title, and is bound to administer the assets of the receivership, and to apply them to the payment of the creditors' claims; and, if he fails to discharge his duty, he may be removed for good cause shown. It is not made to appear that there was any fraud or wrongdoing in the procurement of the final judgment by which this permanent receiver was appointed. The weight of evidence is that at the time the judgment in this case was entered, and for some time before, the defendant was insolvent. There are conflicting affidavits respecting the financial condition of the defendant and the estate of James W. Wallace at the time the temporary receivership was created, and for some time afterwards, but the affidavits of the receiver and of the accountants show that there was a deficiency of the assets to pay debts at the time the permanent receivership was created of something like $100,000. An explanation is given by the receiver of what led him to make contrary statements in previous affidavits, verified before the expert examinations had been made, as to the condition of the defendant's business. We think the tests by which this motion should have been determined are: First. What was the condition as to solvency of the defendant when the motion was heard by the court below? Secondly. Was the permanent receivership instituted in fraud for the purpose of delaying creditors, or for some ulterior object, other than the distribution of assets among creditors? And, those being the tests, the proof was not sufficient to authorize the making of the order appealed from, which must be reversed, with costs, and the motion for leave to levy under the warrant of attachment denied, with costs. All concur.

48 N.Y.S.—38